JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OWEN HARTY

**(b)** County of Residence of First Listed Plaintiff: Broward
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Offices of Daniel A. Pallen, P.L.L.C.
114 West Front Street, Media, PA 19063
(484) 550-7542

## DEFENDANTS
KIMPTON HOTEL & RESTAURANT GROUP LLC d/b/a Kimpton Hotel Monaco Philadelphia, a Delaware Limited Liability Company

County of Residence of First Listed Defendant: New Castle
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Injunctive relief pursuant to 42 U.S.C. Section 12181, et seq.
Brief description of cause:
Non-compliance with 28 C.F.R. Section 36.302(e)(1) - Reservations made by places of lodging

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 0.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 08/14/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18   3557

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 6190 Woodlands Blvd., Apt 102, Tamarac, FL 33319

Address of Defendant: 433-41 Chestnut Street, Philadelphia PA 19106-2409

Place of Accident, Incident or Transaction: www.monaco-philadelphia.com

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 08/21/2018          *Attorney-at-Law / Pro Se Plaintiff*          207001
                                                                        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. ☑ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify)* Americans with Disabilities Act

**B.   Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*: _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Daniel A. Pallen, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

AUG 21 2018

DATE 08/21/2018          *Attorney-at-Law / Pro Se Plaintiff*          PA 207001
                                                                      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

CIV 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| OWEN HARTY | : | CIVIL ACTION |
| v. | : | |
| KIMPTON HOTEL & RESTAURANT GROUP LLC | : | |
| d/b/a Kimpton Hotel Monaco Philadelphia, a | : | NO. |
| Delaware Limited Liability Company | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 08/14/2018 | Daniel A. Pallen | Plaintiff, Owen Harty |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (484) 550-7542 | (484) 550-7532 | dpallen@pallenlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

OWEN HARTY, Individually,

    Plaintiffs,

v.       Case No.

KIMPTON HOTEL & RESTAURANT GROUP
LLC d/b/a Kimpton Hotel Monaco Philadelphia, a
Delaware Limited Liability Company,

    Defendant.

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, KIMPTON HOTEL & RESTAURANT GROUP LLC d/b/a Kimpton Hotel Monaco Philadelphia, a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and

determining whether places of public accommodation and their websites are in compliance with the ADA.

3. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is a place of lodging known as 433-41 Chestnut Street, Philadelphia, PA 19106-2409, and is located in the County of Philadelphia, (hereinafter "Property").

4. Venue is properly located in the EASTERN DISTRICT OF PENNSYLVANIA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations

        impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

7.      More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

8.      These regulations became effective March 15, 2012.

9.      Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains a website for the Property which contains an online reservations system. This website is located at www.monaco-philadelphia.com. This term also includes all websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel. The purpose of this website is so that members of the public may reserve guest accommodations and

review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

10. Prior to the commencement of this lawsuit, Plaintiff visited the website for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public.

11. In the near future, Plaintiff intends to revisit Defendant's website and/or online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

12. Plaintiff is continuously aware that the subject website remains non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless he is willing to suffer additional discrimination.

13. The violations present at Defendant's website infringe Plaintiff's right to travel free of discrimination and deprive his of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer,

frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate a website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

14. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

16. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

17. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

18. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject website to make it readily accessible and useable to the Plaintiff and all

other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b. Injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

By: _____
Daniel A Pallen, Esquire (PA ID 207001)
**THOMAS B. BACON, P.A.**
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
dpallen@pallenlaw.com
tbb@thomasbaconlaw.com

## VERIFICATION

I, Owen Harty, do hereby verify that the statements made in foregoing Complaint are true and correct to the best of my knowledge, information or belief. The undersigned understands that false statements herein are made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

By: OWEN HARTY